Opinion issued July 25, 2002











In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00481-CR

____________


LAWASKI CHANNEL, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 40,741






MEMORANDUM OPINION

 We are without jurisdiction to entertain this appeal. Appellant was
sentenced in this case on February 21, 2002. (1) No motion for new trial was filed. The
deadline for filing notice of appeal was therefore Monday, March 25, 2002, because
the thirtieth day after sentencing fell on a weekend. Tex. R. App. P. 4.1(a), 26.2(a)(1). 
Notice of appeal was deposited in the mail on March 27, 2002, according to the
postmark on the copy of the envelope provided by the district clerk's office. Because
the notice of appeal was mailed after the filing deadline, it did not comply with Rule
9.2 of the Texas Rules of Appellate Procedure, the "mailbox rule." See Tex. R. App.
P. 9.2(b). Although the notice of appeal was filed within the 15-day time period for
filing a motion for extension of time to file notice of appeal, no such motion for
extension of time was filed. See Tex. R. App. P. 26.3.

 We therefore dismiss the appeal for lack of jurisdiction. Slaton v. State, 981
S.W.2d 208, 209-10 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996).

PER CURIAM

Panel consists of Justices Mirabal, Taft, and Alcala.

Do not publish. Tex. R. App. P. 47.
1. Although the judgment was signed by the trial judge on April 15, 2002, the
deadline for filing notice of appeal began to run on the day sentence was
imposed. Rodarte v. State, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993). 
This is because a written judgment is merely a record of events that have
occurred in fact and is not itself the conviction. Thus, it is the pronouncement
of sentence, and not the signing of the judgment, that constitutes the appealable
event. Id. at 109 n.1; see also Coffey v. State, 979 S.W.2d 326, 328 (Tex.
Crim. App. 1998).